**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:   Lisha Jenkins Jones, Debtor               Case No. 25-03082-KMS
                                                                        **CHAPTER 13**

## NOTICE OF FILING CHAPTER 13 PLAN AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE

The above-named Debtor has filed a *Chapter 13 plan and Motions for Valuation and Lien Avoidance* (the "Plan") with the Bankruptcy Court in the above referenced case (see attachment).

Any objection to confirmation of the Plan or the motions contained therein shall be filed in writing with the Clerk of Court at Thad Cochran U.S. Courthouse, 501 E. Court Street, Suite 2.300, Jackson, MS 39201, on or before **January 21, 2026**. Copies of the objection must be served on the Trustee, US Trustee, Debtor, and Attorney for Debtor.

Objections to confirmation will be heard and confirmation determined on **January 29, 2026,** at **10:00 AM** in the United States Courthouse, 109 South Pearl Street, Courtroom 1, Natchez, MS 39120, unless the court orders otherwise. If no objection is timely filed, the Plan may be confirmed without a hearing.

Date: December 5, 2025                    /s/ Thomas C. Rollins, Jr.
                                                         *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | **Lisha Jenkins Jones** | |
| | Full Name (First, Middle, Last) | |
| Debtor 2 (Spouse, if filing) | | |
| | Full Name (First, Middle, Last) | |
| United States Bankruptcy Court for the | **SOUTHERN DISTRICT OF MISSISSIPPI** | ☐ Check if this is an amended plan, and list below the sections of the plan that have been changed. |
| Case number: (If known) | | |

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1 Length of Plan.**

The plan period shall be for a period of **60** months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay **$1,833.00** (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct.**

Debtor **Lisha Jenkins Jones** Case number _____

Joint Debtor shall pay ____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

**2.3 Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3: Treatment of Secured Claims**

**3.1 Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*
☑ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
*Insert additional claims as needed.*

**3.2 Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims, debtor(s) hereby move(s) the court to value the collateral described below at the lesser of any value set forth below or any value set forth in the proof of claim. Any objection to valuation shall be filed on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I).

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Name of creditor | Estimated amount of creditor's total claim # | Collateral | Value of collateral | Amount of secured claim | Interest rate* |
|---|---|---|---|---|---|
| Title Max | $1,765.79 | 2019 Toyota Camry 185848 miles | $10,260.00 | $1,765.79 | 10.00% |

*Insert additional claims as needed.*

#For mobile homes and real estate identified in § 3.2: Special Claim for taxes/insurance:

| Name of creditor | Collateral | Amount per month | Beginning |
|---|---|---|---|
| -NONE- | | | month |

* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District

**Mississippi Chapter 13 Plan** Page 2

Debtor   **Lisha Jenkins Jones**                              Case number

For vehicles identified in § 3.2: The current mileage is _____

**3.3   Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Santander Bank | 2024 Chevrolet Equinox 53956 miles | $37,812.00 | 10.00% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4   Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5   Surrender of collateral.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*
☑ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Republic Finance | Household Goods |
| Tower Loan | Household Goods |

*Insert additional claims as needed.*

**Part 4:   Treatment of Fees and Priority Claims**

**4.1   General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2   Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3   Attorney's fees.**

☑ No look fee:  **4,600.00**

Total attorney fee charged:       $**4,600.00**

Attorney fee previously paid:     $**272.00**

Mississippi Chapter 13 Plan                                         Page 3

Debtor **Lisha Jenkins Jones** Case number _____

Attorney fee to be paid in plan per confirmation order: $**4,328.00**

☐ Hourly fee: $____. (Subject to approval of Fee Application.)

**4.4** **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*
☑ **None**. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

**4.5** **Domestic support obligations.**

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☑ The sum of $ **49,219.39**
☐ ____% of the total amount of these claims, an estimated payment of $____
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**1,184.41**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2** **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor(s) upon entry of discharge.**

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**
**USDA Rural Development Recapture Receivable loan on home to be paid direct when due upon transfer of title.**

### Part 9: Signatures:

Mississippi Chapter 13 Plan Page 4

| | | | |
|---|---|---|---|
| Debtor | **Lisha Jenkins Jones** | Case number | |

### 9.1 Signatures of Debtor(s) and Debtor(s)' Attorney

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their complete address and telephone number.*

| | | | |
|---|---|---|---|
| X | **/s/ Lisha Jenkins Jones** | X | |
| | **Lisha Jenkins Jones** | | Signature of Debtor 2 |
| | Signature of Debtor 1 | | |
| | Executed on **December 3, 2025** | | Executed on |
| | **2182 Warner Rd** | | |
| | Address | | Address |
| | **Lorman MS 39096-0000** | | |
| | City, State, and Zip Code | | City, State, and Zip Code |
| | Telephone Number | | Telephone Number |
| X | **/s/ Thomas C. Rollins, Jr.** | Date | **December 3, 2025** |
| | **Thomas C. Rollins, Jr. 103469** | | |
| | Signature of Attorney for Debtor(s) | | |
| | **P.O. Box 13767** | | |
| | **Jackson, MS 39236** | | |
| | Address, City, State, and Zip Code | | |
| | **601-500-5533** | | **103469 MS** |
| | Telephone Number | | MS Bar Number |
| | **trollins@therollinsfirm.com** | | |
| | Email Address | | |

**Mississippi Chapter 13 Plan**     Page 5

# **CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., attorney for the Debtor, do herby certify that by filing the attached Notice and Chapter 13 Plan, I have caused the following partied to be served electronically via ECF:

    Case Trustee
    Office of the US Trustee

I certify that I have this day served a true and correct copy of the attached Notice and Chapter 13 Plan by US Mail[1], postage prepaid, to the following creditor(s) listed in Sections 3.2 and/or 3.4 of the Plan pursuant to Fed. R. Bankr. P. 7004:

    TitleMax of Mississippi, Inc
    c/o Corporation Service Company
    109 Executive Drive, Suite 3
    Madison, MS 39110

I further certify that I have this day served a true and correct copy of the Notice and Chapter 13 Plan by US Mail, postage prepaid, to all other parties listed on the attached master mailing list (matrix).

Date: December 8, 2025          /s/ Thomas C. Rollins, Jr.
                                          *Thomas C. Rollins, Jr., Attorney for Debtor*

Thomas C. Rollins, Jr., MSB# 103469
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
trollins@therollinsfirm.com
601-500-5533

---

[1] If the creditor is an insured depository institution, service has been made by certified mail.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>LISHA JENKINS JONES | CASE NO: 25-03082-KMS<br>**DECLARATION OF MAILING**<br>**CERTIFICATE OF SERVICE**<br>Chapter: 13 |

On 12/8/2025, I did cause a copy of the following documents, described below,

Notice and Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 12/8/2025

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr.  103469
Attorney at Law
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS 39401
601-500-5533
trollins@therollinsfirm.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:<br><br>LISHA JENKINS JONES | CASE NO: 25-03082-KMS<br><br>**CERTIFICATE OF SERVICE DECLARATION OF MAILING**<br><br>Chapter: 13 |

On 12/8/2025, a copy of the following documents, described below,

Notice and Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 12/8/2025

_____
Miles Wood
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Thomas C. Rollins, Jr.
The Rollins Law Firm
702 W. Pine Street
Hattiesburg, MS  39401

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

| FIRST CLASS | CASE INFO | ~~EXCLUDE~~ |
|---|---|---|
| TITLEMAX OF MISSISSIPPI INC<br>CO CORPORATION SERVICE CO<br>109 EXECUTIVE DR STE 3<br>MADISON MS 39110 | LABEL MATRIX FOR LOCAL NOTICING<br>NCRS ADDRESS DOWNLOAD<br>CASE 25-03082-KMS<br>SOUTHERN DISTRICT OF MISSISSIPPI<br>MON DEC 8 12-13-1 PST 2025 | ~~US BANKRUPTCY COURT<br>THAD COCHRAN US COURTHOUSE<br>501 E COURT STREET<br>SUITE 2300<br>JACKSON MS 39201-5036~~ |
| CAPITAL ONE<br>ATTN BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CAVALRY SPV LLC<br>1 AMERICAN LN<br>STE 220<br>GREENWICH CT 06831-2563 | CRAWLEY BERGMANN<br>117 KINDERKAMACK RD<br>201<br>RIVER EDGE NJ 07661-1916 |
| HEALTHPLS CU<br>POB 1700<br>JACKSON MS 39215-1700 | LVNV FUNDING LLC<br>ATTN BANKRUPT<br>PO BOX 1269<br>GREENVILLE SC 29602-1269 | LAKELAND SURGERY<br>971 LAKELAND DR<br>STE 1460<br>JACKSON MS 39216-4684 |
| (P)LENDINGPOINT<br>1201 ROBERTS BLVD<br>SUITE 200<br>KENNESAW GA 30144-3612 | MARINER FINANCE<br>ATTN BANKRUPTCY<br>8211 TOWN CENTER DRIVE<br>NOTTINGHAM MD 21236-5904 | MIDLAND CREDIT MGMT<br>ATTN BANKRUPTCY<br>PO BOX 939069<br>SAN DIEGO CA 92193-9069 |
| (P)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 | (P)REPUBLIC FINANCE LLC<br>282 TOWER RD<br>PONCHATOULA LA 70454-8318 | SANTANDER BANK<br>PO BOX 961211<br>FORT WORTH TX 76161-0211 |
| SYNCB<br>ATTN BANKRUPTCY DEPT<br>PO BOX 965065<br>ORLANDO FL 32896-5065 | SYNCHRONY BANK<br>ATTN BANKRUPTCY<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | TMX FINANCE OF MISSISSIPPI INC<br>2312 E TRINITY MILLS RD STE 100<br>CARROLLTON TX 75006-1955 |
| TITLE MAX<br>2200 CLAY ST<br>VICKSBURG MS 39183-3121 | (P)TOWER LOAN<br>P O BOX 320001<br>FLOWOOD MS 39232-0001 | US ATTORNEY GENERAL<br>US DEPT OF JUSTICE<br>950 PENNSYLVANIA AVENW<br>WASHINGTON DC 20530-0001 |
| USDA RURAL DEVELEPMENT<br>ATTN BANKRUPTCY DEPT<br>PO BOX 66889<br>ST LOUIS MO 63166-6889 | USDA RURAL DEVELOPMENT<br>CO US ATTORNEY<br>501 E COURT ST<br>STE 4401<br>JACKSON MS 39201-5022 | ~~EXCLUDE~~<br>~~UNITED STATES TRUSTEE<br>501 EAST COURT STREET<br>SUITE 6-430<br>JACKSON MS 39201-5022~~ |
| UPSTART LOAN<br>PO BOX 1503<br>SAN CARLOS CA 94070-7503 | VICKSBURG PULMONARY CL<br>114 MONUMENT PLACE<br>VICKSBURG MS 39180-5169 | ~~EXCLUDE~~<br>~~(P)DAVID RAWLINGS<br>ATTN DAVID RAWLINGS CHAPTER 13 TRUSTEE<br>PO BOX 566<br>HATTIESBURG MS 39403-0566~~ |

```
DEBTOR                                  EXCLUDE

LISHA JENKINS JONES                     THOMAS CARL ROLLINS JR
2182 WARNER RD                          THE ROLLINS LAW FIRM, PLLC
LORMAN  MS 39096-9309                   PO BOX 13767
                                        JACKSON  MS 39236-3767
```